United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

GABRIELLE CHANEL EL,

Plaintiff,

v.

OAKLAND UNIFIED SCHOOL DISTRICT, et al.,

Defendants.

Case No. 26-cv-04464-PHK

**ORDER SCREENING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915.**

Re: Dkts. 1, 2, 9, and 10

Now before the Court is a determination of whether *pro se* Plaintiff Gabrielle Chanel El's ("Plaintiff") Complaint [Dkt. 1] satisfies the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B). The Court previously determined that Plaintiff financially qualifies to proceed *in forma pauperis* ("IFP") in accordance with 28 U.S.C. § 1915(a). [Dkt. 6]. For the reasons set forth herein, the Court **GRANTS IN FULL** Plaintiff's IFP application and **FINDS** Plaintiff's Complaint is sufficient to be served on Defendants. [Dkt. 1].

## LEGAL STANDARD

Any complaint filed pursuant to the *in forma pauperis* provisions of Section 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is: (A) "frivolous or malicious," (B) "fails to state a claim on which relief may be granted," or (C) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

If the Court dismisses a case pursuant to Section 1915, the Plaintiff may still file the same complaint by paying the filing fee because dismissal is not on the merits; rather, the dismissal is an exercise of the Court's discretion under the *in forma pauperis* statute. *Biesenbach v. Does 1-3*, No.

United States District Court
Northern District of California

21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

In reviewing the instant Complaint, the Court is cognizant that a *pro se* Plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

**DISCUSSION**

Having determined that Plaintiff financially qualifies to proceed *in forma pauperis*, the Court now undertakes the mandatory screening of the Complaint pursuant to the statutory requirements of 28 U.S.C. § 1915(e)(2)(B). In typical IFP cases, the mandatory screening of a complaint makes sense because Congress intended the screening to ensure that a *pro se* indigent plaintiff's complaint is sufficient to proceed (given that the government does not receive any filing fees from an *in forma pauperis* plaintiff).

The Court has reviewed Plaintiff's Complaint in light of the legal standards discussed herein. Based on that review, and for purposes of IFP screening at this early stage of the case, Plaintiff's Complaint sufficiently states a claim on which relief may be granted, does not seek monetary relief against a defendant who is immune from such relief, and is neither frivolous nor malicious. In sum, Plaintiff's Complaint asserts claims for relief under the Civil Rights Act and the ADA with regard to alleged retaliation by Defendants "[a]fter Plaintiff exercised her First Amendment right to report a group of teachers who physically blocked [Plaintiff] from her disabled parking space and work site[.]" [Dkt. 1 at 2]. In light of the Court's review, the Court **FINDS** Plaintiff's Complaint sufficient for purposes of IFP screening.

Because this IFP screening is necessarily *ex parte* and preliminary solely for purposes of determining Plaintiff's IFP status, the Court's findings here are reached without prejudice to and without prejudging any defenses, arguments, submissions, or issues which any Defendants may raise at a later stage of the case. Accordingly, the Court finds the instant Complaint sufficient, for IFP screening purposes, to be served on Defendants. Plaintiff's IFP application is thus **GRANTED**.

**CONCLUSION**

Accordingly, for all the reasons discussed herein, Plaintiff's Complaint in this case [Dkt. 1]

United States District Court
Northern District of California

shall **NOT** be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*. [Dkt. 2].

Plaintiff has declined Magistrate Judge jurisdiction in this action. [Dkt. 5]. Because the Defendants have not yet been served and thus have not entered an appearance through counsel, the Defendants have not yet had a chance to either consent or decline Magistrate Judge jurisdiction. All named parties, including unserved defendants, must consent before a Magistrate Judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (Magistrate Judge lacked jurisdiction where defendants had not consented to proceed before Magistrate Judge). Given the procedural posture of this case, the Parties have therefore not all consented to Magistrate Judge jurisdiction in this matter. *See* Dkt. 5.

Based on the Court's preliminary review of the Complaint and the docket, the next steps in this case will require consideration of issues potentially dispositive of certain Parties or causes of action. To be clear, the Court makes no such rulings on any such issues at this time. Because consent of all Parties has not been obtained, this Court lacks jurisdiction to rule on any such dispositive issues. *Williams*, 875 F.3d at 503. And because Plaintiff has declined Magistrate Judge jurisdiction, there is no practical way for this Court to continue presiding over this case.

Accordingly, the Court **ORDERS** the Clerk of Court to reassign this case to a District Judge pursuant to the Court's assignment plan for further action to be taken and resolution of this action in light of this Order.

Plaintiff filed an "Administrative Motion for Status of Mandatory Screening, Judicial Reassignment, and Case Management Deadlines, and Request for Court-Directed Service." [Dkt. 10]. In relevant part, that Administrative Motion requests that "the Court direct issuance of summonses and Marshal service and extend the time for service to 90 days after the summonses issue." *Id.* at 3. "In cases involving plaintiffs proceeding *in forma pauperis* (IFP), the 'officers of the court shall issue and serve all process.' 28 U.S.C. § 1915(d). The court must appoint the United States marshal to effect service. Fed. R. Civ. P. 4(c)(3). If service of the summons and complaint is not made upon a defendant within 90 days of the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of 'good cause.' Fed. R. Civ. P.

United States District Court
Northern District of California

4(m)." *Young v. Aramark, Inc.*, No. 25-cv-05478-JSC, 2025 WL 2998165, at *3 (N.D. Cal. Oct. 24, 2025). Here, the Complaint was filed on May 13, 2026, [Dkt. 1], and the deadline for service was August 11, 2026 under Rule 4(m). Because the delay in service stemmed at least in part from the time needed to resolve Plaintiff's IFP application (including this screening), the failure to serve the Defendants by that deadline is excused for good cause pursuant to Rule 4(m) and the Court **GRANTS-IN-PART** Plaintiff's Administrative Motion and extends the deadline for service by 90 days from the date of this Order, that is to February 3, 2027. *See* Fed. R. Civ. P. 4(m) ("the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

The Complaint names a number of Defendants but does not provide contact or address information for them. [Dkt. 1 at 7-9]. Before the Court can Order the United States Marshal to complete service of process on Defendants, Plaintiff must provide the Court and the Marshals Service with sufficient location information for each of them. *Young*, 2025 WL 2998165, at *3. For this reason, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Administrative Motion to the extent it requests issuance of summonses and Marshal's service at this time. [Dkt. 10]. Plaintiff is **ORDERED** to promptly provide to the Court sufficient location information for each Defendant to be served. Failure to provide that information in a timely manner may result in negative consequences, such as issuance of an Order to Show Cause and/or dismissal of this case without prejudice to the extent any delay in providing that information impedes service by the U.S. Marshals. *Young*, 2025 WL 2998165, at *3.

The other miscellaneous requests for relief set forth by Plaintiff's Administrative Motion (such as requesting status of the merits screening of the Complaint and reassignment), *see* Dkt. 10 at 2-3, are **DENIED AS MOOT** and **WITHOUT PREJUDICE** in light of this Order.

Plaintiff filed under seal another Administration Motion referred to on the docket as a "Motion to File Under Seal". [Dkt. 9]. The contents and substance of that Administrative Motion are not, however, a motion to file anything under seal, but rather is essentially the same as Plaintiff's Administrative Motion re Status of Mandatory Screening, Dkt. 10, discussed above. *Compare* Dkt.

9 *with* Dkt. 10. Accordingly, the Court **DENIES AS MOOT** Plaintiff's duplicative and misnamed "Administrative Motion to File Under Seal." [Dkt. 9].

The Court further **ORDERS** the Clerk's office or other relevant courthouse staff to send a copy of this Order by First Class Mail to Plaintiff at Plaintiff's address of record and via email to Plaintiff's email address of record.

This Order **RESOLVES** Dkts. 2, 9, and 10.

**IT IS SO ORDERED.**

Dated: November 5, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California